By the Court, Cady, J.
The case made by the plaintiff has in no respect been contradicted by the defendant, and must therefore be taken as true. It is claimed on the part of the plaintiff, that the defendant has been made liable to pay the expenses in question according to the 34th section of an act relative to the city of Schenectady, passed on the 29th day of April, 1833. That section authorizes the common council of the city from time to time to make and establish by-laws and ordinances ordering and directing any of the streets and lanes in the said city, or any parts of them to be pitched, levelled, paved, flagged, Macadamized, or covered with broken stone, gravel or sand, &c. within such time and in such manner as they may prescribe—under the superintendance and direction of the city superintendent; and in case the owners or occupants of any houses or lots in any such streets or lanes shall neglect or refuse to comply with the requisitions of any such by-laws or ordinances, it shall and may be lawful for the said common council to cause so much of the said streets or lanes in front of the said houses or lots of the person or persons so neglecting or refusing, to be conformed to such by-laws or ordinances, under the direction of the said superintendent; and upon the production by the said superintendent, to the said common council, of an account certified under his oath of office, of the expenses incurred in conforming the same to such by-laws or ordinances, and the allowance and payment thereof by the said common council, it shall and may be lawful for them to sue for and recover from such owners or occupants, or their legal representatives, in the name of the treasurer of the said city, the amount of such expenses, with interest and costs, in any court having cognizance thereof, &c.
Has the common council made any by-law which the defendant was bound to obey 1 The common council was authorized to make by-laws and ordinances ordering any street or lane in *156 the city to be pitched, levelled, paved, <fce. within such time and in such manner as they may prescribe—under the superin tendance and direction of the superintendent. They have made no such by-law. They made a by-law ordering the owners or occupants of any house, building or lot adjoining the east part of State-street by the 20th of June thereafter to cause that part of the street in front of their buildings and lots to be pitched, levelled and paved to the centre of the street, and the side walks to be pitched, levelled and flagged at their own expense, in such manner as the city superintendent under the committee on roads of the common council should direct and require. But they have made no by-law prescribing the manner in which the street should be pitched, levelled and paved, or the side walks be pitched, levelled and flagged. The by-law does not. show how wide the side walk is to be; whether one foot or ten feet—or which way it is to be pitched—from or towards the street; or whether the street is to be arched or depressed in the centre ; or whether there were any and what gutters on each side of the street, or whether the street and side walks are to be level from one end to the other; or whether the east or west end is to be lower than the other; or what descent or ascent by the yard or rod is to be in the street or side walk. By the by-law all these important and material matters are left to the discretion of the superintendent and the direction of the committee on roads, of the common council.
No man on reading the by-law could tell in what manner the side walk and street were to be pitched, levelled, paved or flagged. The owner of a lot would have to go to the city superintendent and ask him how wide are the side walks to be 7 which way are they to be pitched, to or from the streets 1 are they to be made level from one end to the other—or is one end to be higher, and how much higher, than the other ? where is to be the gutter, in the centre or the side of the street ? The by-law should furnish an answer to all of these questions. These are matters upon which the members of the common council should exercise their judgment. They are to judge how the streets and side walks are to be pitched, levelled, and paved or *157 flagged; and powers which the legislature have authorized them to exercise they cannot delegate to a committee, or to the city superintendent.
That the by law must prescribe the manner in which the work is to be done is further shown by other provisions contained in the 34th section : “ If the owners or occupants of any houses or lots in any such street or lanes shall refuse or neglect to comply with the requisitions of any such by-law or ordinance, it shall and may be lawful for the said common council to cause so much of the said streets or lanes in front of the houses or lots of the person or persons so neglecting or refusing, to be conformed to such by-laws or ordinances, under the directions of the said superintendent,” &c. The superintendent has nothing to do but to see that the work be done in the manner prescribed by the by-law or ordinance. ■
In this case the by-law did not prescribe the manner in which the street and side walk were to be pitched, levelled, paved or flagged. All the information the law gave the defendant was that the street was to be pitched, levelled and paved, and the side walk pitched, levelled and flagged. One owner, opposite his lot, might wish to have a side walk six feet, another ten feet wide—and obedience to the law would require no uniformity in the width of the side walk opposite to the lots of different owners.
No man on reading the by-law would be informed that curb stones were to be used; or that there were to be cross-walks; or that the street or side walks were to be covered with brick. Yet more than one-eighth of the sum claimed from the defendant was for cross-walks, curb stone and brick, which were not prescribed in the by-law.
Could it be said in this case that the side walk was not conformed to the by-law, because there were no curb stones on one side of it—or because it was not covered with brick?
By the 34th section of the act of 1833, when the street m the front of a vacant lot has been conformed to any by-law or ordinance by and at the expense of the common council, in consequence of the neglect or refusal of the owner of such lots to comply with the requisitions of the by-law or ordinance, the *158 common council may cause the lots to be sold. The power is given to the common council to sell such lots ; the power is not given to sell because the owner of the lot has neglected or refused to obey the orders of the city superintendent.
I am of opinion that the by-law set out in the declaration and given in evidence was not one which the defendant was bound to obey; that the plaintiff showed no right to recover upon any count in the declaration ; and consequently that the motion to set aside the report of the referee should be denied.